IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:13CR420 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER D. BRACKETT, ) | |
| ) | |
| Defendant. ) | |

**Trial Memorandum of the United States**

Submitted by:

DEBORAH R. GILG
United States Attorney
for the District of Nebraska

    and

MICHAEL P. NORRIS (#17765)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone:  (402) 661-3700

**Nature of the Case**

The Grand Jury sitting in the District of Nebraska has returned a three-count Superseding Indictment against Christopher D. Brackett. Each count charges a child exploitation offense. Brackett has a prior offense relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor therefore, his statutory mandatory minimum sentence as to each count of the Indictment is enhanced as are the statutory maximums.

**Count I**

Count I charges Brackett with transporting child pornography in interstate commerce, a violation of 18 U.S.C. § 2252A(a)(1) and (b). The transportation charge has four elements. First, from on or about June 2013 and continuing to August 2013, the defendant knowingly transported, a visual depiction. Second, the visual depiction was transported in interstate or foreign commerce or affecting interstate or foreign commerce. Third, the visual depiction was child pornography. Fourth, the defendant knew of the sexually explicit nature of the material and that the visual depictions were of an actual minor or minors engaged in sexually explicit conduct.

Federal law defines a "minor" as anyone under the age of 18. 18 U.S.C. § 2256(i). Eighth Circuit Manual of Model Jury Instructions 6.18.2252(2014). The age of consent under state law is of no relevance. See, United States v. Bach, 400 F.3d 622 (8th Cir. 2005). The age of consent is not a defense to a prosecution under child pornography charges. See, Ortiz-Graulau v. United States, 756 F.3d 12 (1st Cir. 2014).

The phrase "child pornography" means any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the depiction. The term visual depiction includes any photograph, film, video, picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means. Id. The term "sexually explicit conduct" means actual or simulated

1

sexual intercourse, including oral-genital, whether between persons of the same or opposite sex, masturbation, or the lascivious exhibition of the genitals or pubic area of any person. Id.; 18 U.S.C. § 2256(a).

Section 6.18.2252A of the Eighth Circuit Manual of Model Jury Instructions provides a definition for lascivious. The factors to be considered are 1) whether the focal point of the picture is on the minor's genitals or pubic area; 2) whether the setting of the picture is sexually suggestive that is, in a place or pose generally associated with sexual activity; 3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; 4) whether the minor is fully or partially clothed, or nude; 5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; 6) whether the picture is intended or designed to elicit a sexual response from the viewer; 7) whether the picture portrays the minor as a sexual object; and 8) any caption on the picture. See United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986); United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999). These factors or neither comprehensive nor necessarily applicable in every situation.

**Count II**

Count II of the Superseding Indictment charges Brackett with the sexual exploitation of a child (manufacturing or producing child pornography) in violation of 18 U.S.C. § 2251(a). The crime has four essential elements.

The first element is that from on or about June 2013 and continuing to August 2013, the minor (R.H.) was under the age of 18 years. The prosecution is not required to prove that the defendant knew that R.H. was under the age of 18. Eighth Circuit Manual of Model Jury Instructions Criminal (2014) at 6.18.2251(a).

Section 2251(a) contains no scienter requirement. United States v. Wilson, 565 F.3d 1059 (8th Cir. 2009). A prosecution under 2251 for production of child pornography is tantamount to strict liability. As observed by the Eight Circuit when denying Wilson's argument that the First Amendment requires a reasonable mistake of age defense:

> The analogy of producers to statutory rapists serves to overcome the background presumptions of *mens rea* and scienter. Furthermore, given the opportunity producers have to verify the age of the actors they employ, we do not think the risk of error or fraud in determining someone's age is significant enough to chill "a substantial amount of protected speech...." Ashcroft v. Free Speech Coal., 535 U.S. 234, 255, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002); *see also* Osborne v. Ohio, 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) ( "[T]he scope of the statute does not render it unconstitutional unless its overbreadth is not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." (quotation omitted)). These two factors, combined with the strong interest the state has in protecting children from sexual exploitation, fatally undermine Wilson's First Amendment claim. Thus, we hold that the First Amendment does not require a reasonable-mistake-of-age defense to charges of producing child pornography in violation of Section 2251(a).

Id.

The second element is that Brackett knowingly: a) used, persuaded, induced, enticed or coerced R.H. to engage in sexually explicit conduct; or b) had R.H. assist another person or persons to engage in sexually explicit conduct. A person is "used" if they are photographed or videotaped. Id.; United States v. Fadal, 498 F.3d 862, 867 (8th Cir. 2007).

The third element is that Brackett acted with the purpose of producing a visual depiction of such conduct. The fourth and final element is that a) Bracket knew or had reason to know that such visual depiction would be transported across state lines or in foreign commerce; or b) the visual depiction was produced using materials that had been mailed, shipped or transported across state lines or in foreign commerce by any means, including by computer or cellular phone; or c) the visual depiction was actually mailed or transported across state lines.

Venue for the transportation and production count is guided by 18 U.S.C. § 3237(a). This section provides "any offense against the United States begun in one state and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued or completed." Thus venue lies in Nebraska and Ohio.

**Count III**

Count III charges Brackett with possessing child pornography. The crime of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) has three essential elements.

The first element is that on and before September 17, 2013, Brackett knowingly possessed visual depictions of child pornography. Second, Brackett knew that the visual depictions were of a minor engaging in sexually explicit conduct. Third, the visual depictions were produced using materials that had been shipped, transported, or sent by computer in interstate or foreign commerce.

**FACTS**

In September, 2003, Brackett entered a plea of guilty in the Iowa District Court in and for Des Moines County of Sexual Exploitation of Minor, an aggravated misdemeanor, in violation of Section 728.12(3) of the Code of Iowa. As a result of this plea, he was committed to the custody of the Director of the Division of Corrections of the State of Iowa for a term not to exceed two years of imprisonment. A certified copy of the Judgment Entry will be offered at trial.

Sexual Exploitation of a Minor, in violation of Section 728.12(3) of the Code of Iowa makes it unlawful "to knowingly purchase or possess a negative, slide, book, magazine, computer, computer disc, or other print of visual media, or an electronic, magnetic, or optical storage system, or any other type of storage system which depicts a minor engaging in a prohibited sexual act or

4

the simulation of a prohibited sexual act.   A person who commits a violation of this subsection commits an aggravated misdemeanor for a first offense and a "B" felony for a second or subsequent offense."   A copy of the code section is attached to this brief.   The United States will ask the Court to take judicial notice of the Iowa Code relating to Sexual Exploitation of a Minor as Brackett's prior conviction for violating this code provision subjects him to enhanced punishment as he "has a prior conviction under this chapter . . . or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography . . ."   This enhancement applies to each count of the Indictment.   Brackett's prior conviction is also relevant under Rule 404(b) of the Federal Rules of Evidence as it evidences intent, plan, knowledge and especially identity and the absence of mistake.

Brackett's conviction for Sexual Exploitation of a Minor requires him to register as a sex offender.   Brackett registered with the State of Nebraska Sex Offender Registry.   On his registration he referenced his Iowa offense for Sexual Exploitation in violation of §728.12(3).   In his description of the offense of conviction, Brackett stated "I was 25 dating a girl who was 16 we made a tape together I was charged for having possession of the tape and given two years for an aggravated misdemeanor."   His latest registration confirmed his residence in Bellevue, Nebraska.   In his biannual verifications to the Sex Offender Registry, Brackett identified his Bellevue residence and various email accounts to include cbrackett@ymail, used to communicate with R.H., the victim in the instant case.

R.H. was a 16 year old high school sophomore living in Ohio in May, 2013.   Brackett was 36 years old when he met R.H. while playing an online game.   He continued to communicate with R.H. through text messaging using a telephone number of 402-218-8111.   Subscriber information

5

from AT&T will demonstrate that this number was assigned to Brackett at a billing address of 1904 Pleasantview Lane, Bellevue, Nebraska. Brackett did not list this cellular phone on his biannual sex offender registration verifications. The subscriber information further provides Brackett's home email as [cbrackett@ymail.com](mailto:cbrackett@ymail.com). Brackett advised R.H. that he lived in Omaha, had a truck and a jeep, and a younger brother by the name of Clint. During the course of their texting, Brackett would send photos of his vehicles to R.H. Plans were made for Brackett to visit R.H. in Ohio.

    Brackett drove from Nebraska to Ohio on two occasions for the purpose of engaging in sexual intercourse with R.H. On both occasions he rented a room at the McKinley Grand Hotel in Canton, Ohio. The first occasion showed an arrival date of June 30, 2013, with a checkout date of July 2, 2013. The second occasion showed an arrival date of August 12, 2013, with a checkout date of August 15, 2013. On both occasions R.H. stayed with Brackett at the McKinley Hotel. On at least one occasion Brackett used his iPhone to take sexually explicit photographs of R.H. R.H. was posed lasciviously exhibiting her genitals or pubic area. Each photograph was taken in the hotel room. The three photographs the government plans to introduce at trial appeared to have been taken on August 13, 2013, when R.H. was still a 16 year old sophomore and Brackett was now 37 years of age. Each photo displays R.H. on the bed and naked from the waist down. Her vaginal area is exposed in each of the four pictures the United States intends to introduce as evidence. In at least one of those pictures, her middle finger is inserted into her vagina.

    Brackett produced and manufactured these images as he was the one who took them with his iPhone. Both an iPhone 5 and an iPhone 4 were seized from Brackett during the course of this investigation. There is a manufacturer's stamp on each iPhone. The stamp indicates that the iPhone is designed in the United States and manufactured in China. The interstate nexus

6

production charge is established on two separate and independent grounds: the first is that Brackett left Nebraska and travelled to Ohio in order to produce and manufacture child pornography; the second is that the iPhone is manufactured overseas and not in either Nebraska or Ohio.

The Eighth Circuit has rejected claims that a manufacturer's inscription on a product is inadmissible hearsay. In United States v. Koch, 625 F.3d 470 (8th Cir. 2010), the Eighth Circuit found that the district court did not abuse its discretion in overruling Koch's direct objection on hearsay grounds to the manufacturer's inscription on the computer demonstrating an interstate nexus.

Brackett persuaded, induced, enticed and coerced R.H. to make and send other images of child pornography from Ohio to Brackett in Nebraska. R.H. used her iPhone to video herself engaging in oral sex with another minor. Those images were sent from R.H.'s phone in Ohio to Brackett's phone in Nebraska.

R.H. tired of Brackett and attempted to end their relationship. Brackett was upset and threatened to tell R.H.'s parents and send nude photos of her to her parents. After their last meeting in August, R.H. again attempted to end the relationship. Brackett responded by posting various Craigslist advertisements in the Canton, Ohio area. The postings were sent from IP address 98.168.922.160, a Cox Communications internet profile address that resolved to Christopher Brackett at 1904 Pleasantview Lane, Bellevue, Nebraska. The email address used for the Craigslist postings was cbrackett@ymail.com. cbrackett@ymail.com is the contact home email listed by AT&T for the subscriber information relative to the telephone number assigned to Brackett. It was also self-reported as Brackett's email address on his sex offender registration updates.

7

Brackett posted nine Craigslist ads purporting to be from R.H. in the Canton/Akron area. These nine postings occurred between August 23, 2013, and September 17, 2013. Each portrayed R.H. as looking to engage in casual sexual encounters with men. Brackett's postings provided R.H.'s actual phone number and actual residence. They also provided scantily clad photos of R.H. Brackett's posting on September 10, 2013, is representative of the others. The advertisement states:

> Hi my name is Rachel and I'am looking for some huge hard cock tonight at my house I can host. Come one come all I will b doing interviews at the door I do have roommates but we will have privacy. So cum on by :)
> I AM 100% REAL!!!
> I WILL NOT RESPOND TO EMAILS.

Thereafter Brackett typed R.H.'s actual telephone number and address. Concluding with "if you see a blue Ford Ranger in the drive that means I'm home. In addition to the Craigslist adds, Brackett suggested to R.H. that he could erase her parents' social security numbers, have arrest warrants issued for them, and post the nude photos she had provided him at her school.

Between August 30, 2013 and September 2, 2013, Brackett sent R.H. text messages soliciting R.H. to send him pictures and videos of her. The text messages stated things such as:

- Lol take a pic of u for me?
- Did u ask him about the vids and pics of him in u from behind and him in ur mouth.
- Will you tell me a story? And can I get some more sexy nude pics?

After R.H. attempted to break up with Brackett, he sent her threatening messages through text and through Facebook. The evidence will show those messages included threats such as:

- I have EVERYTHING saved to a flash drive. I knew u were playin me
- U shoulnd't have lied to me yet AGAIN
- U were just saying all that bs to get me to erase the pics

8

- You will regret this I guarantee and nah im not gana put you on youtube im gana put you on fuck book and porn hub.

- Ur a lying ass bitch and ur gana hate me when I'm done

- Ok fine let me pull over ill have my buddy send guys to ur house.

- Ok fine u still want to ignore me.   The ads going up in 5 min

- Times up.   I just posted it

Bracket also sent messages to R.H.'s boyfriend which stated

- Lol your such a stupid bitch clint and I are gana enjoy ruining your life

- Tht bitch just blocked me lol.   Now she started a war

- Tell her I'm coming to Ohio.   I'm posting tht ad right now and she will hate me before this is over

- And tell her I've already messaged her mom.   I'm printing everything off as I text this.   It's getting over knighted restricted delivery to her dad!!!

R.H. and her mother reported Brackett to local law enforcement.   R.H. surrendered her iPhone to law enforcement.   Brackett continued to text R.H. while the phone remained in the possession of law enforcement.

On September 17, 2013, at approximately 7:00 p.m., Detective Roy Howell of the Bellevue Police Department and other officers executed a search warrant upon Brackett's residence in Bellevue, Nebraska.   Brackett confirmed to Investigator Howell that he had an iPhone. Investigator Howell seized an AT&T Apple iPhone5 during the execution of the warrant. Detective Howell informed Brackett that the officers had a warrant to search his residence for digital evidence and inquired whether Brackett had been communicating with a girl in Ohio. Brackett responded affirmatively.   As Brackett was not in custody, he elected to leave the residence.

9

Brackett continued his attempts to reach R.H. after the search warrant had been executed on his residence. Between September 27 and September 30, 2013, R.H. received 30 text messages and five snap chat messages from "Chris Allen", an alias of Brackett's. One of the messages on September 29, 2013, indicated "I will kill myself before I go back to prison."

Forensic review of the iPhone5 seized from Brackett at the time of his arrest showed that the phone had been wiped clean. It had been reset to its original or "out of the box" settings. It is possible to wipe an iPhone through the iCloud. After walking away from the residence during the execution of the search warrant Brackett, or anybody at Brackett's request, could have accessed his account in the iCloud and wiped all files from his iPhone and returned the phone to the manufacturer's original settings.

On October 7, 2013, Brackett was arrested by the Bellevue Police Department. At the time of his arrest, Brackett had replaced his seized iPhone5 with an iPhone4. The iPhone4 was found on Brackett's person. The phone was immediately placed in airplane mode so that no changes could be made to it from the iCloud.

A search warrant was obtained for the iPhone4 seized from Brackett at the time of his arrest. Forensic analysis of this phone recovered the images taken of R.H. at the McKinley hotel in Canton, Ohio as well as other images of child pornography sent by R.H. to Brackett. These images showed captured or photo manufacturing dates of August 14, 2013, and iCloud backup date of September 27, 2014.

The September 27, 2014, date for the iCloud backup occurred after the September 17 execution of the search warrant and prior to Brackett's subsequent arrest on October 7, 2013.

10

**Rule 404(b)**

Federal Rule of Evidence 404(b) states that evidence of "other crimes, wrongs, or acts" is not admissible to prove character, but it is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Rule 404(b) is a rule of inclusion rather than exclusion." United States v. Turner, 583 F.3d 1062, 1065 (8th Cir. 2009).

The Eighth Circuit has established a four-part test for determining the admissibility of Rule 404(b) evidence. Such evidence is admissible if it is "1) relevant to a material issue raised at trial; 2) proved by a preponderance of the evidence; 3) higher in probative value than in prejudicial effect; and 4) similar in kind and close in time to the crime charged." United States v. Mihm, 13 F.2d 1200, 1204 (8th Cir. 1994). The rule expressly provides that prior acts evidence may be admitted if relevant to prove intent. United States v. Yellow, 18 F.3d 1438, 1441 (8th Cir. 1994).

The United States will offer the testimony of Desiree Fouard. Fouard will testify as to her relationship with Brackett. Both she and Brackett were adults when they met. They dated for three weeks. Fouard was assigned by the Air Force to a TDY in Greece. During her assignment she notified Brackett that she was not interested in maintaining a relationship. During this same period Brackett was in jail and later on work release. He would communicate with Fouard via Facebook and telephone. He threatened suicide and late night visits to her home. Most significantly he threatened to post an advertisement on Craigslist. He indicated the advertisement would be personal and sexual in nature. Fouard received a number of texts from strangers regarding a Craigslist post. The information shows identity, plan, preparation and knowledge. It is factually indistinguishable from his cyber extortion of R.H.

11

## CONCLUSION

The United States anticipates that trial will take three to four days. The United States anticipates calling the following witnesses:

Andi Hart

Hayden Castello

Clinton Christy

Desiree Fouard

Michael Gunias

Rachel Hammond

Sandy Hammond

Roy Howell

Colby Resser - Custodian of Records-Cox Communications

William Powell - Custodian of Records-Craigslist

Patricia Tenorio - Custodian of Records-McKinley Grand Hotel

Suzanne Casteel - Custodian of Records – New Cingular Wireless/ AT&T

    Respectfully submitted,

    UNITED STATES OF AMERICA,
    Plaintiff

    DEBORAH R. GILG
    United States Attorney

By:   *s/ Michael P. Norris*
    MICHAEL P. NORRIS (#17765)
    Assistant United States Attorney
    1620 Dodge Street, Suite 1400
    Omaha, Nebraska 68102-1506
    (402) 661-3700

## CERTIFICATE OF SERVICE

  I hereby certify that on January 14, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the counsel of record.

                *s/ Michael P. Norris*
                MICHAEL P. NORRIS
                Assistant United States Attorney